UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENDON AMERICA INSURANCE | CIVIL ACTION NO. 07-1046 |
| versus | JUDGE HICKS |
| COASTAL CARGO CO., INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Jaime Vieyra was driving an automobile, with Raul Nunez as his passenger, when he allegedly crossed the center lane of traffic and collided head-on with a car driven by Rafael Soto.  The accident, which occurred in Harris County, Texas, allegedly caused the death of Mr. Soto and Mr. Vieyra, and Mr. Nunez was injured.  Mr. Nunez and a representative of Mr. Soto's estate joined as Plaintiffs in a tort suit filed in the state court in Harris County, Texas. They alleged that the accident was caused by the fault of Mr. Vieyra, who had been operating his vehicle under the influence of alcohol provided by his employers, Coastal Cargo Company, Inc., Coastal Cargo of Texas, Inc., and Jackson Kearney Group.  The three alleged employers were also named as defendants.

The three employer-defendants had a commercial general liability insurance policy issued by Clarendon America Insurance Company ("Clarendon") and they gave Clarendon notice of the Texas tort suit.  Clarendon responded by letter that it was unable to determine whether coverage existed and that it would continue its investigation of the matter.  A few months later, Clarendon filed in this court a complaint for declaratory judgment against its

three insureds.  The complaint seeks a declaration that the Clarendon policy does not afford

coverage or an obligation to provide a defense to the insureds in connection with the Texas

tort suit.

**Motion to Dismiss for Improper Venue**

The three insureds ("Defendants") filed a Motion to Dismiss pursuant to Fed. R. Civ.

P. 12(b)(3) for improper venue.  Once a defendant challenges venue by motion, the burden

is on the plaintiff to show that the chosen venue is a proper one.  McCaskey v. Continental

Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001).  If no evidentiary hearing is held,

the court will accept as true undisputed facts in the plaintiff's pleadings, resolve any conflicts

in the evidence plaintiff's favor, and afford the plaintiff the benefit of the doubt when

determining the governing facts.  University Rehabilitation Hospital, Inc. v. International

Cooperative Consultants, Inc., 2006 WL 1098905 (W.D. La. 2006).

**Venue Analysis**

Venue is governed by 28 U.S.C. § 1391.  Clarendon urges that this court is a proper

venue based on the provision that:  "A civil action wherein jurisdiction is founded only on

diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2)

a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred . . ." Section 1391(a)(2).  This transactional venue provision is available as

an alternative to Section 1391(a)(1) that permits venue to be based on the residence of the

defendants, meaning venue can be proper in a district if either the transactional or the

residential provision is satisfied.  14D Wright, Miller & Cooper, Federal Practice and Procedure:  Jurisdiction 3rd § 3806.1, p. 200 (2007 ed.).  The current language liberalized the former "in which the claim arose" formulation, and it is now "absolutely clear" that there can be more than one district in which a substantial part of the events giving rise to the claim occurred.  Id. at p. 201.

As noted above, the underlying auto accident happened in the Harris County area, and the related tort suit was filed in a Texas state court in Harris County.  David Mannella, who serves as an officer in each of the three insured companies, testifies that Coastal Cargo Company, Inc. is a Louisiana corporation with its principal office in New Orleans.  It conducts operations in Orleans Parish (which is in the Eastern District of Louisiana) and Jackson County, Mississippi.  Coastal Cargo of Texas, Inc. is a Texas corporation with its principal office on the Houston ship channel.  It does not conduct business in Louisiana.  The third named defendant in Clarendon's complaint is Jackson Kearney Group, which Clarendon alleges is a marketing designation for Neeb Kearney, Inc., a Louisiana corporation.  Mr. Mannella testifies that the name of the underlying corporation is Neeb Kearney & Company, Inc., and he testifies that it is a Louisiana corporation that conducts operations only in Orleans Parish.

Clarendon is a Delaware corporation with its principal place of business in New Jersey.  Deep South Surplus, Inc., a company with Louisiana offices, is the managing general agent for Clarendon on the policy at issue in this declaratory action.  Michael Dugan, the

general manager of Deep South, testifies that the original application for the policy was received, and the policy rated and underwritten, at Deep South's Shreveport office (which is in this district).  The policy was executed, or bound, in Shreveport, and it was issued from Shreveport.  Mr. Dugan does not explain the meaning of those insurance terms, but suffice to say, the policy was generated by the Shreveport office. Mr. Dugan also testifies that Clarendon's coverage decisions regarding the underlying tort claim were made in Shreveport, and he submits a copy of a reservation of rights letter that issued from Deep South's Shreveport office to the three insureds.  The letter expresses doubts about coverage and points to grounds for the possible application of exclusions.

Defendants argue, without citation to authority, that Clarendon's assertion that venue is proper in Shreveport because the Clarendon policy "was issued and has been administered in Shreveport, has no support in law."  There are, however, reported decisions that have found venue was proper in similar settings.  For example, in American Motorists Ins. Co. v. Cellstar, Corp., 61 Fed. Appx. 119 (5th Cir. 2003), an insurer filed suit in the federal court in Houston (Southern District of Texas) for premiums due under an insurance policy that the defendant's Houston insurance broker had procured through negotiations that took place in a Houston office, and the endorsements to the policy were transmitted through the Houston broker.  The defendant was located in the Dallas (Northern District of Texas) and urged that venue in the Southern District of Texas was improper.  The Fifth Circuit responded: "Because significant events relating to the formation and execution of the Policy occurred

in Houston, we are not persuaded that the district court abused its discretion by denying Cellstar's motion to dismiss for improper venue." The unpublished decision did not treat the issue to much analysis, and it is not precedential under Fifth Circuit Rule 47.5, but its rationale certainly carries persuasive weight.

There are other reported decisions that support a finding that venue is proper in this case.  See e.g., Arch Specialty Ins. Co. v. Entertainment Specialty Services, Inc., 2005 WL 696897 (S.D. N.Y. 2005) (New York was a proper venue for declaratory action regarding insurance coverage related to a Texas lawsuit when defendants obtained the policy through an agent from a New York office, negotiation involved correspondence to New York, the policy issued from New York and the claim for coverage was submitted to the New York office); Constitution Reinsurance Corp. v. Stonewall Ins. Co., 872 F. Supp. 1247 (S.D. N.Y. 1995) (New York was proper venue in declaratory action regarding coverage under reinsurance contracts for damages arising from Texas litigation when reinsurance contracts were negotiated by communications between Texas and New York, and contracts were executed and to be performed in New York); and Harleysville Ins. Co. of New Jersey v. Clark, 2006 WL 2135834 (D. N.J. 2006) (New Jersey was proper venue for declaratory action regarding insurance coverage for a Maryland car accident because the negotiation, payment and issuance of the policy to a New Jersey insured occurred in New Jersey).

The Second Circuit held that New York was the proper venue for a declaratory judgment action regarding insurance coverage for a New Jersey accident and tort suit because

the policy at issue was submitted, approved and issued in New York *and* the tort claimants had received a lift of the automatic stay from a New York bankruptcy court to authorize the tort suit.  The Court declined to decide whether the negotiation and issuance of the contract, standing alone, was sufficient to give rise to venue in the declaratory action.  Gulf Insurance Co. v. Glasbrenner, 417 F.3d 353 (2d Cir. 2005).

The significance of the place a policy was negotiated and issued has also been mentioned in the course of discussing whether to transfer venue to that forum.  See AVEMCO Ins. Co. v. GSV Holding Corp., 1997 WL 566149 (S.D. N.Y. 1997) (New York was a proper venue for declaratory action regarding insurance coverage for a New York accident, but it was proper to transfer venue to New Jersey because, among other reasons, the policy was negotiated and issued in New Jersey, making New Jersey  the locus of operative facts); and Resource Bank v. Progressive Casualty Ins. Co., 2007 WL 136320 (E.D. Pa. 2007) (finding it proper to transfer venue in declaratory action regarding insurance coverage to the state where the policy was entered and was to be performed).

At least one court has stated that in an insurance coverage action, to establish venue under Section 1391(a)(2), "a court looks to the underlying events for which coverage is sought."  Carolina Casualty Company v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1047 (N.D. Cal. 2001).  The undersigned agrees that venue under that provision *may* properly be based on underlying events, but the above-cited jurisprudence establishes that venue may *also* be based on events related to the policy at issue.  The location suggested by either

analysis may be a lawful venue in a declaratory action; the law no longer limits transactional venue to one proper district.

The application for the Clarendon policy at issue was received in Deep South's Shreveport office.  The policy was issued from that same Shreveport office.   When a claim was made under the policy, a claims manager in the Shreveport office issued a letter to the effect that the insurer was unable to determine whether coverage existed. The letter included Clarendon's stated reasons for concern on the coverage issue and pointed to possible exclusions.  Those facts are sufficient to make the Western District of Louisiana a proper venue under Section 1391(a)(2) of this declaratory action related to coverage under the policy.  Defendants argue that there are other and better available venues, but that does not merit dismissal so long as this venue is proper.

**Transfer of Venue**

Defendants make a brief, alternative request in the conclusion of their memorandum that the court transfer this case to the Eastern District of Louisiana.  A district court has discretion to transfer an action for the convenience of the parties and the interest of justice. 28 U.S.C. § 1404(a).  The first requirement is a finding that the district to which transfer is sought qualifies as a district in which the action might have been brought.   In Re: Volkswagon AG, 371 F.2d 201, 203 (5th Cir. 2004).   Defendants have not produced evidence or even articulated specific facts in their motion that would establish the Eastern District of Louisiana as a proper venue.  Perhaps they could do so, but they have not.

Even assuming that Defendants could show that the Eastern District is a proper venue, Defendants would also have the burden of proving that transfer is appropriate. Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989). Unless a defendant shows that the balance of factors strongly favors transfer, the plaintiff's choice of forum generally should not be disturbed. Gulf Oil Corp. v. Gilbert, 67 S.Ct. 839 (1947).  And the court should not transfer a case "where the only practical effect is the shifting of inconvenience from the non-moving party to the moving party."  Salem Radio Representatives, Inc. v. Can Tel Market Support Group, 114 F.Supp.2d 553, 558 (N.D. Tex. 2000).

The party seeking a transfer for the convenience of witnesses should specify the key witnesses and make a general statement of what their testimony will cover. Wilson v. Ameristar Casino Vicksburg, Inc., 2007 WL 2284608, *5 (W.D. La. 2007). Defendants have not identified a single witness from the New Orleans area or otherwise, and they have not articulated any other specific facts that would demonstrate why the Eastern District of Louisiana would be substantially more convenient for parties or witnesses. If there are any witnesses in the New Orleans area, their burden will be slight. One may travel between New Orleans and Shreveport in less than six hours and without leaving an interstate or four-lane highway.  Litigants, attorneys and judges routinely make the trip without undue difficulty. This litigation will likely require few, if any, court appearances.  Most similar cases are resolved on summary judgment.  Defendants have not satisfied their burden of convincing

the court that the best exercise of its discretion would be to transfer this case to the Eastern District of Louisiana.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 8)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of October, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE